UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
COMPLEX SYSTEMS, INC.,                   :
:
      Plaintiff,   : Civil Action No. 08-cv-7497 (KBF)
: ECF CASE
 v.                                  :
:
ABN AMRO BANK N.V.                       :
:
:
      Defendant.   :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## DECLARATION OF MICHAEL R. GILMAN, ESQ

I, MICHAEL R. GILMAN, hereby state as follows:

1. I am an attorney admitted in the States of New York and Connecticut, and am presently a partner in the firm for Pergament Gilman & Cepeda, LLP;

2. In 2008, while I was a partner at the firm of Kaplan Gilman Gibson & Dernier LLP, I was responsible for filing the copyright registration for the BankTrade software which I understand is the subject of dispute in the present litigation;

3. When I was initially asked by Complex Systems, Inc. ("CSI") to register the copyright in BankTrade 8, I believed that the software had been written entirely by CSI employees or contractors, and thus, I designated CSI as the Author and also filled in the word "Yes" next to the "Work made for Hire" field on the copyright form (See Registration No. TXu 1-579-553), thereby designating that CSI owned all rights as Author of the work;

1

4. Shortly after filing the registration, I learned for the first time that the software I had registered also included some additional lines of code that had been written by employees of ABN AMRO Information Technology Services Company, Inc., ("IT");

5. As a result of this new information, I reviewed the 1997 BankTrade license, which I understand is Ex. A to the Kaplan Declaration of August 3, 2012 in this litigation, and concluded that such code would be owned by CSI as well;

6. Nonetheless, because the original registration did not credit IT at all, I filed a "Form CA" Supplementary Registration to correct the error;

7. In the Supplementary Registration I credited IT as an "additional author" because IT would be deemed the Author of any additional code IT employees had written;

8. As the BankTrade license provided that CSI would be the full owner of the code IT had written, I designated "Complex Systems, Inc" under the field titled "Name(s) of Copyright Claimant(s)" in the Supplementary Registration;

9. Additionally, next to the phrase "Transfer Statement" on the Supplementary Registration, I stated "By Agreement," to denote the fact that the 1997 BankTrade license agreement transferring ownership to CSI had made CSI the Claimant of work done by IT, the additional author I had added;

10. In the past few days, I have reviewed a document entitled Professional Services Agreement ("PA"), which appears to have been signed in July 2000, and which I understand is Exhibit 1 to the Kaplan Declaration of April 26, 2013;

11. At no time during my activities in filing either of the above mentioned original or supplementary registrations was I aware of the existence of the PA, and of course, at no time during such activities had I reviewed the PA;

12. The designation of the original registration as a work for hire was not in any way based on any work for hire language in the PA, as I was not aware of the PA at the time, but instead, was inserted, as required under the copyright laws, only to designate CSI as the author of what I believed initially at the time was software written entirely by CSI employees;

13. I certify under penalty of perjury that the foregoing is true and correct when based upon personal knowledge, and is believed to be true and correct when based upon information and belief.

Dated: July 20, 2013        By: _____
                                Michael R. Gilman, Esq.