UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

COMPLEX SYSTEMS, INC.,

                    Plaintiff,

        -v-

ABN AMRO BANK N.V.,

                    Defendant.

------------------------------------------------------------X

08 Civ. 7497 (KBF)

MEMORANDUM
DECISION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: AUG 0 9 2013

KATHERINE B. FORREST, District Judge:

This is the Court's second order on plaintiff Complex Systems, Inc.'s ("CSI") motion for summary judgment as to defendant ABN AMRO Bank N.V.'s ("ABN") remaining defenses. For the reasons set forth below, that motion is denied and this matter shall proceed to trial.

**A Brief History of How We Got Here**

In this action, CSI alleges that ABN has infringed a software application, BankTrade 8.0, which is used in connection with certain banking products. It is of importance to this decision that the First Amended Complaint ("FAC") only asserts claims with respect to the "8.0" version of that application. (FAC ¶¶ 47, 48, 60, ECF No. 16.) CSI alleges no claims for infringement relating to any prior version of BankTrade.

As noted in this Court's order dated June 21, 2013, as it turns out, the copyright registration for BankTrade 8.0 indicates that it is a work for hire. As the Court also noted in that order, Exhibit 1 to the Declaration of Jeffrey I. Kaplan

1

dated April 26, 2013, is a copy of a Professional Services Agreement ("PA"). This PA contains a provision which states that:

> 5. <u>OWNERSHIP OF WORK PRODUCT AND WARRANTIES</u>
>
> 5.1 Unless otherwise provided in a specific Work Order, Company agrees that all materials, information, and deliverables ( Work Product") [sic] including, without limitation, software, modified software, program materials, reports, or any other data or information in any form that is created, developed, or modified by Company [CSI] or any Consultant pursuant to Work Orders hereunder, shall be and remain the sole property of Company. Company <u>grants to ABN AMRO [defined as IT] an unrestricted</u>, perpetual, fully-paid license to use such Work Product. To the extent that any such Work Product falls within the definition of <u>work made for hire" [sic] under 17 U.S.C. §101, such Work Product shall be deemed work made for hire" [sic] and ABN AMRO shall be deemed the author and sole, exclusive owner thereof, including the sole, exclusive owner of all copyrights therein</u>. To the extent any Work Product does not fall within the definition of works made for hire" [sic] under 17 U.S.C. §101, <u>Company hereby assigns all its rights, title, and interest in and to such Work Product to ABN AMRO [IT]</u> and shall assist ABN AMRO [IT] in all reasonable ways to protect and defend its rights in and to the Work Product.
>
> 5.2 Any property delivered by Company under this Agreement that was owned or developed by <u>Company prior to its engagement hereunder remains the exclusive property of Company</u>, however, to the extent any such property is incorporated into Work Product delivered hereunder, Company grants ABN AMRO [IT] a non-exclusive worldwide, paid-up, perpetual license to use, copy, and modify any such property as integrated into any Work Product for ABN AMRO [IT]'s own purposes . . . .

(Kaplan Apr. 26, 2013 Decl. Ex. 1, ECF No. 204-1.)

An email, attached as Exhibit 3 to the May 10, 2013 Declaration of John C. Garces, by Jack Eisner of BankTrade dating back to 2005, is consistent with the

2

general understanding reflected in the PA – though without using the term "work for hire." (Garces May 10, 2013 Decl. Ex. 3, ECF No. 214-1.)[1]

The Court previously granted CSI's partial motion for summary judgment on the issue of whether ABN had obtained an assignment of the specific license between CSI and ABN IT (which was then sold to an unaffiliated company) for usage of Bank Trade 8.0. Complex Systems, Inc. v. ABN AMRO Bank N.V., No. 08 Civ. 7497, 2013 WL 1313763, at *1 (S.D.N.Y. Mar. 20, 2013), corrected at 2013 WL 3155615, at *1 (S.D.N.Y. June 21, 2013).

Following entry of that order, CSI moved for summary judgment on ABN's remaining defenses. After receiving the briefing on that motion, the Court requested the parties address additional issues relating to the work for hire issues raised in the copyright registration and in the PA. (See June 21, 2013 Order, ECF No. 256.) ABN made additional submissions on July 10, 2013 (ECF Nos. 265, 266, 267, 268), and CSI made additional submissions on July 22, 2013 (ECF Nos. 271, 272, and 273). Both sides also filed reply papers with ABN submitting additional materials on August 1, 2013 (ECF Nos. 276, 277, and 278) to which CSI responded with a memorandum of law on August 6, 2013 (ECF No. 279).

The submissions raise factual questions that remain unresolved. The key issue is ownership – and therefore assignment rights – in BankTrade 8.0. ABN IT asserts that it has rights in BankTrade 8.0. CSI asserts that it alone owns the relevant rights. If ABN IT did own BankTrade in whole or jointly (or, if its

---

[1] ABN had filed an answer in this matter on May 4, 2009, in which it asserted that the action was barred because it was a joint owner of the work (ECF No. 27, Fourth Affirmative Defense.) Accordingly, the Court declines to find a waiver of any ownership theory, though differently articulated.

3

successor company now does) it could have conveyed those rights to ABN – by assignment or license – then, or perhaps now. This Court cannot resolve this disputed ownership issue on summary judgment.

As a result of the open questions above, there needs to be a resolution of ownership of BankTrade 8.0 prior to any proceeding on infringement. If CSI owns all of BankTrade 8.0, only a trial on damages remains. Such a trial on damages would be before a jury.

If ABN IT (or its successor company) and CSI share ownership, then that fact needs to be established (and as ABN IT is not a party to this lawsuit, ABN bears the burden of proving this through competent evidence). In addition, if sole (by ABN IT) or joint ownership is established, then there are questions as to the timing of when a license or assignment has been or could be made.

The limited question of who owns the copyright is triable by the Court, not a jury, as that question is in the nature of a declaratory judgment and equitable in nature. However, if either party disagrees, that party may submit a letter brief (of not more than 10 pages) not later than **August 22, 2013** setting forth its views and any legal support.

## Conclusions

For the reasons set forth above, CSI's motion for summary judgment is DENIED.

The clerk of the court shall close the motion at ECF No. 276.

4

The parties shall appear for a conference on **September 4, 2013 at 5:00 p.m.**

SO ORDERED.

Dated:   New York, New York
         August 8, 2013

                                          _____
                                          KATHERINE B. FORREST
                                          United States District Judge